IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
JOSHUA M. LEVIN
Environment & Natural Resources Division
Environmental Defense Section
United States Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    Telephone:  (202) 514-4198
    Fax: (202) 514-8865
    E-mail:  Joshua.Levin@usdoj.gov

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
Central District of California
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone:  (213) 894-2404
    Fax:  (213) 894-7819

*Attorneys for the United States of America*

E-FILED 03.21.12

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHELL OIL COMPANY, et al.,<br><br>Defendants. | CV 91-0589 RJK (Ex)<br><br>PARTIAL CONSENT DECREE BETWEEN PLAINTIFF STATE OF CALIFORNIA AND THE UNITED STATES AS   COUNTERCLAIM DEFENDANT REGARDING STATE RESPONSE COSTS FOR THE PERIOD OF JULY 2008 THROUGH JUNE 2011 AND [PROPOSED] ORDER<br><br>Date:        TBD<br>Time:        TBD<br>Courtroom:  Roybal 1439<br>Judge:       Hon. Robert J. Kelleher |

KAMALA D. HARRIS
Attorney General of the State of California
TIMOTHY R. PATTERSON
Supervising Deputy Attorney General
Cal. Bar No. 72209
     110 West "A" Street, Suite 1100
     San Diego, CA 92101
     P.O. Box 85266
     San Diego, CA 92186-5266
     Telephone: (619) 645-5266
     Fax: (619) 645-2012
     E-mail:  Tim.Patterson@doj.ca.gov

*Attorneys for Plaintiff State of California, ex rel., California
Department of Health Services, Hazardous Substance Account,
and Hazardous Substance Cleanup Fund*

I.   BACKGROUND

A.   The government plaintiffs in this action, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency, and the State of California, <u>ex rel.</u>, California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund ("State"), filed a complaint in this matter pursuant to Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2), as amended ("CERCLA"), on February 1, 1991.

B.   The complaint seeks, among other relief, reimbursement of response costs incurred, and a declaration of liability for response costs to be incurred, by the United States and State for response actions in connection with the release or threatened release of hazardous substances at the McColl Superfund Site in Fullerton, Orange County, California ("the Site").

C.   The release or threatened release of hazardous substances at or from the Site has caused the United States and the State to incur response costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

D.   On September 28, 1993, this Court granted the United States' and State's Motion for Summary Judgment and thereby held Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company, and Texaco, Inc. ("Oil Company Defendants") liable under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a).   The United States Court of Appeals for the Ninth Circuit affirmed this judgment on June 28, 2002 (Docket # 505).

E.   On December 12, 1994, the Court entered a consent decree entitled "Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order" ("1994 Consent Decree") (Docket # 270).   Pursuant to the 1994 Consent Decree, the Oil Company Defendants paid $4,752,000.00 to resolve the

State's claim for Past State Response Costs (as defined in Section IV herein) as well as $13,248,000.00 to resolve the United States' claim, as a co-plaintiff, for certain past response costs incurred by the governments at the Site, which generally consisted of costs incurred by the United States and the State during the 1980's and a portion of 1990.   In Section VII of the 1994 Consent Decree, the parties to the decree acknowledge that the Court's September 28, 1993, judgment and order, described above in Section I(D), constitutes a declaratory judgment pursuant to Section 113(g)(2) of CERCLA in favor of the United States and the State against the "Settling Defendants" (the Oil Company Defendants) for "Ongoing Response Costs," as defined in the 1994 Consent Decree.  In the 1994 Consent Decree, the parties further acknowledge the rights of the United States and the State to seek to recover these Ongoing Response Costs in this case and the rights of the Oil Company Defendants to challenge such costs.

F.   On September 18, 1995, this Court adjudged the United States, in its capacity as a counterclaim defendant, to be a liable party at the Site pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).  On June 28, 2002, the United States Court of Appeals for the Ninth Circuit affirmed this judgment with respect to wastes resulting from the production of benzol in *United States, et al. v. Shell Oil Company, et al.*, 294 F.3d 1045, 1059-1061 (9th Cir. 2002).  Two petitions for certiorari filed by the Oil Company Defendants were denied by the Supreme Court of the United States on January 13, 2003.

G.   The Oil Company Defendants and the United States subsequently stipulated that the United States' share of costs at the McColl Site, based on the United States' liability pursuant to CERCLA for benzol wastes at the Site, is 6.25%.  Joint Request For Status Conference (Aug. 12, 2003) at 1-2 n.1 (Docket #507).  On October 29, 2003, this Court denied the request of the Oil Companies to conduct further allocation proceedings regarding the non-benzol wastes at the Site and associated response costs (Docket # 510).  The United States is responsible under CERCLA for reimbursing the

Oil Companies for the United States' 6.25% share of the costs paid to the State pursuant to the 1994 Consent Decree.

H.  In addition to the Past State Response Costs, the State incurred and paid substantial additional costs in connection with the McColl Site including but not limited to the costs defined in Section IV(3)(i) of this Consent Decree as "State Response Costs for the Period of October 1990 through June 2008." The total amount of costs claimed by the State as State Response Costs for the Period of October 1990 through June 2008 is $6,085,565.35. These State-incurred costs constitute a subset of the "Ongoing Response Costs" defined in the 1994 Consent Decree, but do not include any response costs incurred by the State in connection with the Site after June 30, 2008.

I.  In July 2009, the State and the United States agreed that pursuant to CERCLA and prior proceedings in this case, the State was entitled to recover from the United States the portion of State Response Costs for the Period of October 1990 through June 2008 that constitutes the United States' allocable share of such costs incurred by the State in connection with the release or threatened release of hazardous substances at the Site.  After conducting negotiations, the State and the United States agreed to resolve the United States' allocable share of liability under CERCLA for State Response Costs for the Period of October 1990 through June 2008 with a settlement payment to the State in the amount of $361,330.00.  This agreement was memorialized by the State and the United States and approved by the Court in a partial consent decree entered on July 10, 2009, entitled "Partial Consent Decree Between Plaintiff State of California and the United States as Counterclaim Defendant Regarding Costs for the Period of October 1990 through June 2008."  (Docket #620).

J.  In addition to Past State Response Costs and the State Response Costs for the Period of October 1990 through June 2008, the State has incurred and paid additional costs in connection with the McColl Site including but not limited to the costs defined in Section IV(3)(j) of this Consent Decree as "State Response Costs for the Period of

July 2008 through June 2011." The total amount of costs claimed for this period is $46,640.29, plus accrued interest through June 30, 2011. These State-incurred costs constitute a subset of the "Ongoing Response Costs" defined in the 1994 Consent Decree, but do not include any response costs incurred by the State in connection with the Site after June 30, 2011.

K. The State and the United States agree that pursuant to CERCLA and prior proceedings in this case, the State is entitled to recover from the United States the portion of State Response Costs for the Period of July 2008 through June 2011 that constitutes the United States' allocable share of such costs incurred by the State in connection with the release or threatened release of hazardous substances at the Site. After conducting negotiations, the State and the United States have agreed to resolve the United States' allocable share of liability under CERCLA for State Response Costs for the Period of July 2008 through June 2011 with a settlement payment to the State in the amount of $2,915.00.

L. The State and the United States agree, and this Court finds by approving and entering this Consent Decree, that settlement of this portion of this case between the State and the United States will avoid further prolonged and complicated litigation and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED, ADJUDGED, AND DECREED:

II. <u>JURISDICTION</u>

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613 (b). This Court also has personal jurisdiction over the Settling Federal Defendants. Solely for the purposes of this Consent Decree, the Settling Federal Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District and shall not challenge the entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

III.  <u>PARTIES BOUND</u>

2.    This Consent Decree is binding upon the United States and the State, and upon their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the United States or the Settling Federal Defendants under this Consent Decree.

IV.  <u>DEFINITIONS</u>

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree the following definitions shall apply:

a.    "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 <u>et</u> seq.

b.    "Consent Decree" shall mean this Decree.

c.    "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, when the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

e.    "Interest," in accordance with 42 U.S.C. § 9607(a), shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the U.S. Code, compounded annually.

f.    "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral.

g.    "Parties to this Consent Decree" shall mean the United States and the

State.

h.    "Past State Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the State has incurred in connection with the Site and paid as follows: (1) California Department of Health Services costs incurred and paid through September 30, 1990; and (2) California Department of Justice costs incurred and paid through June 30, 1991, plus accrued interest on all costs described in this paragraph through July 31, 1993.

i.    "State Response Costs for the Period of October 1990 through June 2008" shall mean certain State costs incurred in connection with the Site not previously recovered as "Past State Response Costs" pursuant to the 1994 Consent Decree, including but not limited to unrecovered direct and indirect costs incurred by the State in connection with the Site during the time period of October 1, 1990 through June 30, 2008, plus accrued interest on all such costs through June 30, 2008.  "State Response Costs for the Period of October 1990 through June 2008" excludes any and all response costs incurred by the State in connection with the Site after June 30, 2008.

j.    "State Response Costs for the Period of July 2008 through June 2011" shall mean certain State costs incurred in connection with the Site not previously recovered as "Past State Response Costs" pursuant to the 1994 Consent Decree and as "State Response Costs for the Period of October 1990 through June 2008," including but not limited to unrecovered direct and indirect costs incurred by the State in connection with the Site during the time period of July 1, 2008 through June 30, 2011, plus accrued interest on all such costs through June 30, 2011.  "State Response Costs for the Period of July 2008 through June 2011" excludes any and all response costs incurred by the State in connection with the Site after June 30, 2011.

k.    "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

l.    "Settling Federal Defendants" shall mean the Secretary of Commerce, the

1  Secretary of the Interior, the Secretary of the Treasury, the Secretary of Defense,

2  the Secretary of the Navy, the Secretary of the Army, the Secretary of the Air

3  Force and the Administrator, General Services Administration, in their official

4  capacities, and the departments and agencies that they administer.

5      m.   "Site" shall mean the McColl Superfund site located in Fullerton, Orange

6  County, California, encompassing approximately twenty-two acres and the areal

7  extent of contamination therefrom.

8      n.    "State" shall mean the State of California, <u>ex. rel.</u>, California Department

9  of Health Services and its successor, the California Department of Toxic Substances

10  Control, the Hazardous Substance Account, and the Hazardous Substance Cleanup

11  Fund.

12      o.   "United States" shall mean the United States of America, including all of its

13  departments, agencies, and instrumentalities, which includes without limitation EPA,

14  the Settling Federal Defendants, and any federal natural resources trustee.

15      p.   "1994 Consent Decree" shall mean the "Partial Consent Decree Among

16  Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order"

17  entered in this action on December 12, 1994 (Docket # 270).

18      V.   <u>REIMBURSEMENT OF RESPONSE COSTS</u>

19      4.   a.  As soon as reasonably practicable after the approval and entry of this

20  Consent Decree by the Court, the United States will pay $2,915.00 to the State in

21  reimbursement for the United States' allocable share of  State Response Costs for the

22  Period of July 2008 through June 2011.  Payment shall be accomplished by

23  Automated Clearing House ("ACH") Electronic Funds Transfer ("EFT") in

24  accordance with deposit instructions provided by the State.

25      b.  If the full balance of such payment is not made in full within one hundred

26  twenty (120) days after approval and entry of this Consent Decree by the Court, then

27  Interest on the unpaid balance shall accrue and be payable to the State commencing on

28  the 121st day after entry of the Consent Decree until full payment is made to the State.

1  Interest shall accrue at the rate specified for interest on investments of the Hazardous

2  Substance Superfund established under subchapter A of chapter 98 of Title 26 of the

3  United States Code.

4       c.   The Parties to this Consent Decree recognize and acknowledge that the

5  payment obligations of the United States under this Agreement can only be paid

6  from appropriated funds legally available for such purpose.  Nothing in this Consent

7  Decree shall be interpreted or construed as a commitment or requirement that the

8  United States or any federal agency obligate or pay funds in contravention of the

9  Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of

10  law.

11       5.   <u>Application of Costs Paid to Costs Incurred</u>.  The Parties to this Consent

12  Decree acknowledge that the amounts paid under this Consent Decree are less than

13  the State's current claim for the costs identified as State Response Costs for the Period

14  of July 2008 through June 2011.  Because  the State will seek to recover the remaining

15  portion of its claim from entities other than the United States, the State is applying the

16  amounts paid under this Decree to its total claim for  State Response Costs for the

17  Period of July 2008 through June 2011.

18      VI.     <u>FAILURE TO COMPLY WITH THE REQUIREMENTS OF</u>

19            <u>THE CONSENT DECREE</u>

20      6.   If the State must bring an action to enforce this Decree, the Settling Federal

21  Defendants shall reimburse the State for all costs of such action, including but not

22  limited to attorneys' fees.

23      VII.   <u>COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY</u>

24            <u>THE STATE</u>

25      7.   <u>Covenant Not to Sue the United States</u>.  The State covenants not to sue the

26  United States under Section 107 of CERCLA, any other federal law, any other State

27  law, or any other theory of recovery, to recover State Response Costs for the Period of

28  July 2008 through June 2011.  This covenant not to sue shall take effect upon receipt

by the State of all payments required by Section V (Reimbursement of Response Costs).  This covenant not to sue is conditioned upon the complete and satisfactory performance by the United States of its obligations under this Consent Decree. This covenant not to sue extends only to the United States and does not extend to any other party to this case or to any other person or entity.

8.   <u>Reservation of Rights with Respect to the United States</u>.  Except as provided in Paragraph 7, nothing contained herein shall in any way limit or restrict the response and enforcement authority of the State to initiate appropriate action, either judicial or administrative, under applicable provisions of federal and state law, against the United States or against any other person or entity not party to this Decree.  The covenant not to sue set forth in Paragraph 7 does not pertain to any matters other than those expressly specified therein. The State reserves, and this Consent Decree is without prejudice to, all rights against the United States with respect to all other matters, including but not limited to:

a.   liability for failure of the United States to meet a  requirement of this Consent Decree;

b.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c.   liability for response costs that have been or may be incurred by any natural resource trustees;

d.   criminal liability;

e.   liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA;

f.   liability arising from the past, present or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant beyond the Site;

g.   liability arising from the future disposal, release, or threat of release of a hazardous substance, pollutant or contaminant at the Site other than liability

1    resolved by this Consent Decree;

2    h.    liability for past, present or future violations of federal or state law other than

3          liability resolved by this Consent Decree; and

4    i.    liability of the United States for State response costs incurred after June

5          30, 2011.

6    VIII.    COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY

7             THE UNITED STATES

8    9.    Covenant.  The United States covenants not to sue and agrees not to assert

9    any claims or causes of action against the State with respect to this Consent Decree or

10   State Response Costs for the Period of July 2008 through June 2011 paid pursuant to

11   Section V of this Consent Decree, including, but not limited to:  any claim against the

12   State, or any department, agency, or instrumentality of the State of California pursuant

13   to CERCLA Sections 107 and

14   113 related to the Past State Response Costs or State Response Costs for the

15   Period of July 2008 through June 2011 paid pursuant to Section V of this Consent

16   Decree.  Nothing in this Consent Decree shall restrict the rights of the

17   United States to assert any defenses it may have to liability for State response

18   costs related to the Site that are incurred by the State after June 30, 2011;

19   however, the United States agrees that it will not assert any defense based on

20   the expiration of any statute of limitation pertaining to such costs.  Nothing in

21   this Consent Decree shall be deemed to constitute preauthorization of a claim

22   within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. §

23   300.700(d).

24   IX.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

25   10.  Nothing in this Consent Decree shall be construed to create any rights in, or

26   grant any cause of action to, any person not a party to this Consent Decree. The

27   preceding sentence shall not be construed to waive or nullify any rights that any

28   person not a signatory to this Consent Decree may have under applicable law.

12

1   Each of the Parties to this Consent Decree expressly reserves any and all rights

2   (including, but not limited to, any right to contribution), defenses, claims, demands,

3   and causes of action which each party may have with respect to any matter,

4   transaction, or occurrence relating in any way to the Site against any person not a

5   party hereto.

6       11.  The Parties to this Consent Decree agree, and by entering this Consent

7   Decree this Court finds, that the Settling Federal Defendants are entitled, as of the

8   effective date of this Consent Decree, to such protection from contribution actions or

9   claims as provided by CERCLA Section 113(f) (2), 42 U.S.C. § 9613(f)(2), for Past

10  State Response Costs and State Response Costs for the Period of July 2008 through

11  June 2011.  Such protection is conditioned upon Settling Federal Defendants'

12  compliance with the requirements of this Consent Decree.

13      X.   RELATIONSHIP OF THE STATE AND THE UNITED STATES TO THE

14           OIL COMPANY DEFENDANTS PURSUANT TO CERCLA

15      12.   The 1994 Consent Decree entered in this case on December 12, 1994

16  remains in full force and effect.  Nothing contained in this Consent Decree shall in

17  any way limit or restrict the rights of the State or the United States as plaintiffs in this

18  CERCLA action in relation to the Oil Company Defendants or their respective

19  successors to seek, in this pending action, recovery of any unpaid Ongoing Response

20  Costs as defined in the 1994 Consent Decree.  Likewise, nothing in this Consent

21  Decree shall in any way limit or restrict the rights of the Oil Company Defendants to

22  assert any defenses they may have to liability for State response costs or United States

23  response costs related to the Site.

24      XI.  RELATIONSHIP OF THIS CONSENT DECREE TO THE AVGAS

25           CONTRACT LITIGATION PENDING IN THE COURT OF APPEALS

26           FOR THE FEDERAL CIRCUIT AND THE COURT OF FEDERAL

27           CLAIMS

28      13.  Nothing in this Consent Decree shall in any way limit or restrict the rights

and obligations of the United States and the Oil Company Defendants or their

successors at issue in the litigation pending in the United States Court of Appeals for

the Federal Circuit and the United States Court of Federal Claims regarding high-

octane aviation fuel ("avgas") contracts entered into between the United States and the

Oil Company Defendants or their predecessors during the World War II era.  The

pending avgas contracts cases are:  <u>Shell Oil Company and Atlantic Richfield</u>

<u>Company v. United States,</u> U.S. Court of Appeals for the Federal Circuit No. 2010-

5161; <u>Shell Oil Company and Atlantic Richfield Company v. United States,</u> U.S.

Court of Federal Claims No. 1:06-CV-141C; and <u>Texaco Inc. and Union Oil</u>

<u>Company of California v. United States,</u> U.S. Court of Federal Claims No. 1:06-CV-

1411C.

XII. <u>NOTICES AND SUBMISSIONS</u>

14.  Whenever, under the terms of this Consent Decree, notice is required to be

given or a document is required to be sent by one party to another, it shall be directed

to the individuals at the addresses specified below, unless those individuals or their

successors give notice of a change to the other Parties to this Consent Decree in

writing. Written notice as specified herein shall constitute complete satisfaction of any

written notice requirement of the Consent Decree with respect to the State and the

Settling Defendants, respectively.

<u>As to the United States, the Settling Federal Defendants and the U.S. Department of</u>

<u>Justice</u>:

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986

Re:  <u>United States v. Shell Oil Co. 91-0589 RJK</u>
DJ No.: 90-11-3-502

//

//

1    <u>As to the State</u>:

2    Jacalyn Spiszman, McColl Site Project Manager
     Brownfields and Environmental Restoration Program
3    Department of Toxic Substances Control
     5796 Corporate Avenue
4    Cypress, CA 90630-4732

5    and

6    Marilee Hanson, Senior Staff Counsel
     Office of Legal Affairs
7    Department of Toxic Substances Control
     P.O. Box 806
8    Sacramento, CA 95812-0806

9    and

10   Timothy R. Patterson
     Supervising Deputy Attorney General
11   Office of the Attorney General
     P.O. Box 85266
12   San Diego, CA 92186-5266

13   XIII. <u>RETENTION OF JURISDICTION</u>

14       15.  This Court shall retain jurisdiction of this matter for the purpose of enforcing

15   the terms of this Consent Decree.

16   XIV. <u>LODGING OF THE CONSENT DECREE</u>

17       16.  This Consent Decree shall be lodged with the Court for review.  If for any

18   reason the Court should decline to approve this Consent Decree in the form presented,

19   this Consent Decree is voidable at the sole discretion of the State and/or the United

20   States and the terms of the Consent Decree may not be used as evidence in any

21   litigation.

22   XV.  <u>SIGNATORIES/SERVICE</u>

23       17.  The undersigned representatives of the United States and the State certify

24   that they are fully authorized to enter into the terms and conditions of this Consent

25   Decree and to execute and legally bind the party they represent to this document.

26

27

28

18.  The United States hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the State has notified the United States in writing that the State no longer supports entry of the Consent Decree.

SO ORDERED THIS 21ST DAY OF MARCH, 2012

ROBERT J. KELLEHER
Senior United States District Judge

1  THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of
   United States of America, et al. v. Shell Oil Co., et al., No. CV-91-0589 RJK(Ex),
2  relating to the McColl Superfund Site.

3                                        FOR THE UNITED STATES

4                                        IGNACIA S. MORENO
                                         Assistant Attorney General
5                                        Environment & Natural Resources Division

6  Date: _____          _____
7                                        JOSHUA M. LEVIN
                                         Environmental Defense Section
8                                        United States Department of Justice
                                         P.O. Box 23986
9                                        Washington, D.C. 20026-3986
                                         Telephone:  (202) 514-4198

10                                       ANDRÉ BIROTTE, JR.
                                         United States Attorney
11                                       LEON W. WEIDMAN
                                         Assistant United States Attorney
12                                       Chief, Civil Division
                                         Central District of California
13

14

15                                       FOR THE STATE OF CALIFORNIA, ex rel.,
                                         CALIFORNIA DEPARTMENT OF HEALTH
16                                       SERVICES, HAZARDOUS SUBSTANCE
                                         ACCOUNT and HAZARDOUS
17                                       SUBSTANCE CLEANUP FUND

18 Date: _____          _____
19                                       JOHN SCANDURA
                                         Branch Chief
20                                       California Department of Toxic Substances
                                         Control
21                                       5796 Corporate Avenue
                                         Cypress, CA 90630-4732
22                                       Telephone:  (714) 484-5440

23

24

25

26

27

28

                                        17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Approved as to form:

KAMALA D. HARRIS
Attorney General of the State of California

Date: _____

_____
TIMOTHY R. PATTERSON
Supervising Deputy Attorney General
110 West "A" Street, Suite 1100
P.O. Box 85266
San Diego, California 92186-5266
Telephone:  (619) 645-2013