IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
JOSHUA M. LEVIN
Environment & Natural Resources Division
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-4198
Fax: (202) 514-8865
E-mail: Joshua.Levin@usdoj.gov

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
Central District of California
Room 7516 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 894-2404
Fax: (213) 894-7819

*Attorneys for the United States of America*

E-FILED 03.21.12

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELL OIL COMPANY, et al., <br><br> Defendants. | CV 91-0589 RJK (Ex) <br><br> PARTIAL CONSENT DECREE BETWEEN PLAINTIFF STATE OF CALIFORNIA AND THE UNITED STATES AS COUNTERCLAIM DEFENDANT REGARDING STATE RESPONSE COSTS FOR THE PERIOD OF JULY 2008 THROUGH JUNE 2011 AND [PROPOSED] ORDER <br><br> Date: TBD <br> Time: TBD <br> Courtroom: Roybal 1439 <br> Judge: Hon. Robert J. Kelleher |

1

KAMALA D. HARRIS
Attorney General of the State of California
TIMOTHY R. PATTERSON
Supervising Deputy Attorney General
Cal. Bar No. 72209
  110 West "A" Street, Suite 1100
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 645-5266
  Fax: (619) 645-2012
  E-mail:  Tim.Patterson@doj.ca.gov

*Attorneys for Plaintiff State of California, ex rel., California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund*

## I. BACKGROUND

A. The government plaintiffs in this action, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency, and the State of California, ex rel., California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund ("State"), filed a complaint in this matter pursuant to Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2), as amended ("CERCLA"), on February 1, 1991.

B. The complaint seeks, among other relief, reimbursement of response costs incurred, and a declaration of liability for response costs to be incurred, by the United States and State for response actions in connection with the release or threatened release of hazardous substances at the McColl Superfund Site in Fullerton, Orange County, California ("the Site").

C. The release or threatened release of hazardous substances at or from the Site has caused the United States and the State to incur response costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

D. On September 28, 1993, this Court granted the United States' and State's Motion for Summary Judgment and thereby held Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company, and Texaco, Inc. ("Oil Company Defendants") liable under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). The United States Court of Appeals for the Ninth Circuit affirmed this judgment on June 28, 2002 (Docket # 505).

E. On December 12, 1994, the Court entered a consent decree entitled "Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order" ("1994 Consent Decree") (Docket # 270). Pursuant to the 1994 Consent Decree, the Oil Company Defendants paid $4,752,000.00 to resolve the

State's claim for Past State Response Costs (as defined in Section IV herein) as well as $13,248,000.00 to resolve the United States' claim, as a co-plaintiff, for certain past response costs incurred by the governments at the Site, which generally consisted of costs incurred by the United States and the State during the 1980's and a portion of 1990. In Section VII of the 1994 Consent Decree, the parties to the decree acknowledge that the Court's September 28, 1993, judgment and order, described above in Section I(D), constitutes a declaratory judgment pursuant to Section 113(g)(2) of CERCLA in favor of the United States and the State against the "Settling Defendants" (the Oil Company Defendants) for "Ongoing Response Costs," as defined in the 1994 Consent Decree. In the 1994 Consent Decree, the parties further acknowledge the rights of the United States and the State to seek to recover these Ongoing Response Costs in this case and the rights of the Oil Company Defendants to challenge such costs.

    F. On September 18, 1995, this Court adjudged the United States, in its capacity as a counterclaim defendant, to be a liable party at the Site pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3). On June 28, 2002, the United States Court of Appeals for the Ninth Circuit affirmed this judgment with respect to wastes resulting from the production of benzol in *United States, et al. v. Shell Oil Company, et al.*, 294 F.3d 1045, 1059-1061 (9th Cir. 2002). Two petitions for certiorari filed by the Oil Company Defendants were denied by the Supreme Court of the United States on January 13, 2003.

    G. The Oil Company Defendants and the United States subsequently stipulated that the United States' share of costs at the McColl Site, based on the United States' liability pursuant to CERCLA for benzol wastes at the Site, is 6.25%. Joint Request For Status Conference (Aug. 12, 2003) at 1-2 n.1 (Docket #507). On October 29, 2003, this Court denied the request of the Oil Companies to conduct further allocation proceedings regarding the non-benzol wastes at the Site and associated response costs (Docket # 510). The United States is responsible under CERCLA for reimbursing the

1 Oil Companies for the United States' 6.25% share of the costs paid to the State pursuant to the 1994 Consent Decree.

H. In addition to the Past State Response Costs, the State incurred and paid substantial additional costs in connection with the McColl Site including but not limited to the costs defined in Section IV(3)(i) of this Consent Decree as "State Response Costs for the Period of October 1990 through June 2008." The total amount of costs claimed by the State as State Response Costs for the Period of October 1990 through June 2008 is $6,085,565.35. These State-incurred costs constitute a subset of the "Ongoing Response Costs" defined in the 1994 Consent Decree, but do not include any response costs incurred by the State in connection with the Site after June 30, 2008.

I. In July 2009, the State and the United States agreed that pursuant to CERCLA and prior proceedings in this case, the State was entitled to recover from the United States the portion of State Response Costs for the Period of October 1990 through June 2008 that constitutes the United States' allocable share of such costs incurred by the State in connection with the release or threatened release of hazardous substances at the Site. After conducting negotiations, the State and the United States agreed to resolve the United States' allocable share of liability under CERCLA for State Response Costs for the Period of October 1990 through June 2008 with a settlement payment to the State in the amount of $361,330.00. This agreement was memorialized by the State and the United States and approved by the Court in a partial consent decree entered on July 10, 2009, entitled "Partial Consent Decree Between Plaintiff State of California and the United States as Counterclaim Defendant Regarding Costs for the Period of October 1990 through June 2008." (Docket #620).

J. In addition to Past State Response Costs and the State Response Costs for the Period of October 1990 through June 2008, the State has incurred and paid additional costs in connection with the McColl Site including but not limited to the costs defined in Section IV(3)(j) of this Consent Decree as "State Response Costs for the Period of

1  July 2008 through June 2011." The total amount of costs claimed for this period is
2  $46,640.29, plus accrued interest through June 30, 2011. These State-incurred costs
3  constitute a subset of the "Ongoing Response Costs" defined in the 1994 Consent
4  Decree, but do not include any response costs incurred by the State in connection with
5  the Site after June 30, 2011.

6    K. The State and the United States agree that pursuant to CERCLA and prior
7  proceedings in this case, the State is entitled to recover from the United States the
8  portion of State Response Costs for the Period of July 2008 through June 2011 that
9  constitutes the United States' allocable share of such costs incurred by the State in
10 connection with the release or threatened release of hazardous substances at the Site.
11 After conducting negotiations, the State and the United States have agreed to resolve
12 the United States' allocable share of liability under CERCLA for State Response
13 Costs for the Period of July 2008 through June 2011 with a settlement payment to the
14 State in the amount of $2,915.00.

15   L. The State and the United States agree, and this Court finds by approving and
16 entering this Consent Decree, that settlement of this portion of this case between the
17 State and the United States will avoid further prolonged and complicated litigation
18 and that this Consent Decree is fair, reasonable, and in the public interest.

19   THEREFORE, with the consent of the Parties to this Consent Decree, it is
20 ORDERED, ADJUDGED, AND DECREED:

21   II. <u>JURISDICTION</u>

22   1. This Court has jurisdiction over the subject matter of this action pursuant to
23 28 U.S.C.§§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613 (b). This Court also has
24 personal jurisdiction over the Settling Federal Defendants. Solely for the purposes of
25 this Consent Decree, the Settling Federal Defendants waive all objections and
26 defenses that they may have to jurisdiction of the Court or to venue in this District and
27 shall not challenge the entry of this Consent Decree or this Court's jurisdiction to
28 enter and enforce this Consent Decree.

### III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and the State, and upon their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the United States or the Settling Federal Defendants under this Consent Decree.

### IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree the following definitions shall apply:

   a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et seq.

   b. "Consent Decree" shall mean this Decree.

   c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, when the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

   d. "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

   e. "Interest," in accordance with 42 U.S.C. § 9607(a), shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the U.S. Code, compounded annually.

   f. "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral.

   g. "Parties to this Consent Decree" shall mean the United States and the

State.

h. "Past State Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that the State has incurred in connection with the Site and paid as follows: (1) California Department of Health Services costs incurred and paid through September 30, 1990; and (2) California Department of Justice costs incurred and paid through June 30, 1991, plus accrued interest on all costs described in this paragraph through July 31, 1993.

i. "State Response Costs for the Period of October 1990 through June 2008" shall mean certain State costs incurred in connection with the Site not previously recovered as "Past State Response Costs" pursuant to the 1994 Consent Decree, including but not limited to unrecovered direct and indirect costs incurred by the State in connection with the Site during the time period of October 1, 1990 through June 30, 2008, plus accrued interest on all such costs through June 30, 2008. "State Response Costs for the Period of October 1990 through June 2008" excludes any and all response costs incurred by the State in connection with the Site after June 30, 2008.

j. "State Response Costs for the Period of July 2008 through June 2011" shall mean certain State costs incurred in connection with the Site not previously recovered as "Past State Response Costs" pursuant to the 1994 Consent Decree and as "State Response Costs for the Period of October 1990 through June 2008," including but not limited to unrecovered direct and indirect costs incurred by the State in connection with the Site during the time period of July 1, 2008 through June 30, 2011, plus accrued interest on all such costs through June 30, 2011. "State Response Costs for the Period of July 2008 through June 2011" excludes any and all response costs incurred by the State in connection with the Site after June 30, 2011.

k. "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

l. "Settling Federal Defendants" shall mean the Secretary of Commerce, the

Secretary of the Interior, the Secretary of the Treasury, the Secretary of Defense, the Secretary of the Navy, the Secretary of the Army, the Secretary of the Air Force and the Administrator, General Services Administration, in their official capacities, and the departments and agencies that they administer.

m. "Site" shall mean the McColl Superfund site located in Fullerton, Orange County, California, encompassing approximately twenty-two acres and the areal extent of contamination therefrom.

n. "State" shall mean the State of California, ex. rel., California Department of Health Services and its successor, the California Department of Toxic Substances Control, the Hazardous Substance Account, and the Hazardous Substance Cleanup Fund.

o. "United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities, which includes without limitation EPA, the Settling Federal Defendants, and any federal natural resources trustee.

p. "1994 Consent Decree" shall mean the "Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order" entered in this action on December 12, 1994 (Docket # 270).

V.  REIMBURSEMENT OF RESPONSE COSTS

4.  a. As soon as reasonably practicable after the approval and entry of this Consent Decree by the Court, the United States will pay $2,915.00 to the State in reimbursement for the United States' allocable share of State Response Costs for the Period of July 2008 through June 2011. Payment shall be accomplished by Automated Clearing House ("ACH") Electronic Funds Transfer ("EFT") in accordance with deposit instructions provided by the State.

b. If the full balance of such payment is not made in full within one hundred twenty (120) days after approval and entry of this Consent Decree by the Court, then Interest on the unpaid balance shall accrue and be payable to the State commencing on the 121st day after entry of the Consent Decree until full payment is made to the State.

9

1  Interest shall accrue at the rate specified for interest on investments of the Hazardous
2  Substance Superfund established under subchapter A of chapter 98 of Title 26 of the
3  United States Code.
4      c.   The Parties to this Consent Decree recognize and acknowledge that the
5  payment obligations of the United States under this Agreement can only be paid
6  from appropriated funds legally available for such purpose.  Nothing in this Consent
7  Decree shall be interpreted or construed as a commitment or requirement that the
8  United States or any federal agency obligate or pay funds in contravention of the
9  Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of
10 law.
11     5.   <u>Application of Costs Paid to Costs Incurred</u>.  The Parties to this Consent
12 Decree acknowledge that the amounts paid under this Consent Decree are less than
13 the State's current claim for the costs identified as State Response Costs for the Period
14 of July 2008 through June 2011.  Because the State will seek to recover the remaining
15 portion of its claim from entities other than the United States, the State is applying the
16 amounts paid under this Decree to its total claim for State Response Costs for the
17 Period of July 2008 through June 2011.
18     VI.   <u>FAILURE TO COMPLY WITH THE REQUIREMENTS OF
19           THE CONSENT DECREE</u>
20     6.   If the State must bring an action to enforce this Decree, the Settling Federal
21 Defendants shall reimburse the State for all costs of such action, including but not
22 limited to attorneys' fees.
23     VII.   <u>COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY
24           THE STATE</u>
25     7.   <u>Covenant Not to Sue the United States</u>.  The State covenants not to sue the
26 United States under Section 107 of CERCLA, any other federal law, any other State
27 law, or any other theory of recovery, to recover State Response Costs for the Period of
28 July 2008 through June 2011.  This covenant not to sue shall take effect upon receipt

by the State of all payments required by Section V (Reimbursement of Response Costs). This covenant not to sue is conditioned upon the complete and satisfactory performance by the United States of its obligations under this Consent Decree. This covenant not to sue extends only to the United States and does not extend to any other party to this case or to any other person or entity.

8. <u>Reservation of Rights with Respect to the United States</u>.  Except as provided in Paragraph 7, nothing contained herein shall in any way limit or restrict the response and enforcement authority of the State to initiate appropriate action, either judicial or administrative, under applicable provisions of federal and state law, against the United States or against any other person or entity not party to this Decree.  The covenant not to sue set forth in Paragraph 7 does not pertain to any matters other than those expressly specified therein. The State reserves, and this Consent Decree is without prejudice to, all rights against the United States with respect to all other matters, including but not limited to:

a. liability for failure of the United States to meet a requirement of this Consent Decree;

b. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c. liability for response costs that have been or may be incurred by any natural resource trustees;

d. criminal liability;

e. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA;

f. liability arising from the past, present or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant beyond the Site;

g. liability arising from the future disposal, release, or threat of release of a hazardous substance, pollutant or contaminant at the Site other than liability

resolved by this Consent Decree;

h.  liability for past, present or future violations of federal or state law other than liability resolved by this Consent Decree; and

i.  liability of the United States for State response costs incurred after June 30, 2011.

VIII.  COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY THE UNITED STATES

9.  Covenant.  The United States covenants not to sue and agrees not to assert any claims or causes of action against the State with respect to this Consent Decree or State Response Costs for the Period of July 2008 through June 2011 paid pursuant to Section V of this Consent Decree, including, but not limited to:  any claim against the State, or any department, agency, or instrumentality of the State of California pursuant to CERCLA Sections 107 and 113 related to the Past State Response Costs or State Response Costs for the Period of July 2008 through June 2011 paid pursuant to Section V of this Consent Decree.  Nothing in this Consent Decree shall restrict the rights of the United States to assert any defenses it may have to liability for State response costs related to the Site that are incurred by the State after June 30, 2011; however, the United States agrees that it will not assert any defense based on the expiration of any statute of limitation pertaining to such costs.  Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

IX.  EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

10.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law.

Each of the Parties to this Consent Decree expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a party hereto.

11. The Parties to this Consent Decree agree, and by entering this Consent Decree this Court finds, that the Settling Federal Defendants are entitled, as of the effective date of this Consent Decree, to such protection from contribution actions or claims as provided by CERCLA Section 113(f) (2), 42 U.S.C. § 9613(f)(2), for Past State Response Costs and State Response Costs for the Period of July 2008 through June 2011. Such protection is conditioned upon Settling Federal Defendants' compliance with the requirements of this Consent Decree.

X. <u>RELATIONSHIP OF THE STATE AND THE UNITED STATES TO THE OIL COMPANY DEFENDANTS PURSUANT TO CERCLA</u>

12. The 1994 Consent Decree entered in this case on December 12, 1994 remains in full force and effect. Nothing contained in this Consent Decree shall in any way limit or restrict the rights of the State or the United States as plaintiffs in this CERCLA action in relation to the Oil Company Defendants or their respective successors to seek, in this pending action, recovery of any unpaid Ongoing Response Costs as defined in the 1994 Consent Decree. Likewise, nothing in this Consent Decree shall in any way limit or restrict the rights of the Oil Company Defendants to assert any defenses they may have to liability for State response costs or United States response costs related to the Site.

XI. <u>RELATIONSHIP OF THIS CONSENT DECREE TO THE AVGAS CONTRACT LITIGATION PENDING IN THE COURT OF APPEALS FOR THE FEDERAL CIRCUIT AND THE COURT OF FEDERAL CLAIMS</u>

13. Nothing in this Consent Decree shall in any way limit or restrict the rights

and obligations of the United States and the Oil Company Defendants or their successors at issue in the litigation pending in the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims regarding high-octane aviation fuel ("avgas") contracts entered into between the United States and the Oil Company Defendants or their predecessors during the World War II era. The pending avgas contracts cases are: <u>Shell Oil Company and Atlantic Richfield Company v. United States,</u> U.S. Court of Appeals for the Federal Circuit No. 2010-5161; <u>Shell Oil Company and Atlantic Richfield Company v. United States,</u> U.S. Court of Federal Claims No. 1:06-CV-141C; and <u>Texaco Inc. and Union Oil Company of California v. United States</u>, U.S. Court of Federal Claims No. 1:06-CV-1411C.

## XII. NOTICES AND SUBMISSIONS

14. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties to this Consent Decree in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the State and the Settling Defendants, respectively.

<u>As to the United States, the Settling Federal Defendants and the U.S. Department of Justice</u>:

Chief, Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986

    Re: <u>United States v. Shell Oil Co.</u> 91-0589 RJK
         DJ No.: 90-11-3-502

//
//

<u>As to the State</u>:

Jacalyn Spiszman, McColl Site Project Manager
Brownfields and Environmental Restoration Program
Department of Toxic Substances Control
5796 Corporate Avenue
Cypress, CA 90630-4732

and

Marilee Hanson, Senior Staff Counsel
Office of Legal Affairs
Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806

and

Timothy R. Patterson
Supervising Deputy Attorney General
Office of the Attorney General
P.O. Box 85266
San Diego, CA 92186-5266

XIII. <u>RETENTION OF JURISDICTION</u>

15.  This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree.

XIV. <u>LODGING OF THE CONSENT DECREE</u>

16.  This Consent Decree shall be lodged with the Court for review. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of the State and/or the United States and the terms of the Consent Decree may not be used as evidence in any litigation.

XV.  <u>SIGNATORIES/SERVICE</u>

17.  The undersigned representatives of the United States and the State certify that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the party they represent to this document.

18. The United States hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the State has notified the United States in writing that the State no longer supports entry of the Consent Decree.

SO ORDERED THIS <u>21ST</u> DAY OF <u>MARCH</u>, 2012

*Robert J. Kelleher*

ROBERT J. KELLEHER
Senior United States District Judge

16

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States of America, et al. v. Shell Oil Co., et al.</u>, No. CV-91-0589 RJK(Ex), relating to the McColl Superfund Site.

FOR THE UNITED STATES

IGNACIA S. MORENO  
Assistant Attorney General  
Environment & Natural Resources Division

Date: _____  _____  
JOSHUA M. LEVIN  
Environmental Defense Section  
United States Department of Justice  
P.O. Box 23986  
Washington, D.C. 20026-3986  
Telephone: (202) 514-4198

ANDRÉ BIROTTE, JR.  
United States Attorney  
LEON W. WEIDMAN  
Assistant United States Attorney  
Chief, Civil Division  
Central District of California

FOR THE STATE OF CALIFORNIA, <u>ex rel.</u>, CALIFORNIA DEPARTMENT OF HEALTH SERVICES, HAZARDOUS SUBSTANCE ACCOUNT and HAZARDOUS SUBSTANCE CLEANUP FUND

Date: _____  _____  
JOHN SCANDURA  
Branch Chief  
California Department of Toxic Substances Control  
5796 Corporate Avenue  
Cypress, CA 90630-4732  
Telephone: (714) 484-5440

| | |
|---|---|
| 1 | Approved as to form: |
| 2 | KAMALA D. HARRIS<br>Attorney General of the State of California |
| 3 | |
| 4 | Date: _____ _____<br>TIMOTHY R. PATTERSON |
| 5 | Supervising Deputy Attorney General<br>110 West "A" Street, Suite 1100 |
| 6 | P.O. Box 85266<br>San Diego, California 92186-5266 |
| 7 | Telephone: (619) 645-2013 |