# EXHIBIT B

WILLIAM A. WEINISCHKE
Bill.weinischke@usdoj.gov
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
MS State Bar No. 7082
4 Constitution Square
150 M Street, N.W., Suite 2.900
Washington, D.C. 20002
Telephone: (202) 514-4592
Telefax:    (202) 514-2583

NICOLA T. HANNA
United States Attorney for the
Central District of California

Attorneys for Plaintiffs State of California and United States of America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | ) <br> ) <br> ) CASE N0. 91-0589 (CJC) |
| Plaintiffs, | ) |
| v. | ) DECLARATION OF <br> ) WILLIAM A. WEINISCHKE IN |
| SHELL OIL COMPANY, et al., | ) OPPOSITION TO DEFENDANTS' <br> ) EX PARTE APPLICATION |
| | ) |
| Defendants. | ) <br> ) <br> ) |
| | ) Date: <br> ) Time:        1:30 P.M. <br> ) Courtroom: 9B Ronald Reagan Fed. <br> )                   Bldg. and Courthouse <br> ) Judge:       Cormac J. Carney |

_____

1

## **DECLARATION**

I, William A. Weinischke, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I have been lead counsel for the United States in the CERCLA action filed against the Defendants since before the Complaint was filed in February 1991.

2. I make this Declaration in opposition to Defendants' July 16, 2020 Ex The Defendants' notified counsel for the Plaintiffs on July 16, 2020, four days before their response to the United States' Motion for Summary Judgment is due.

3. The emergency relief the Defendants are seeking is prejudicial to the United States in that it further delays reimbursement of response costs for which the Defendants have been found jointly and severally liable.  Despite the fact that the United States has provided the Defendants with all cost documents which the Ninth Circuit has found sufficient to support the United States' Motion for Summary Judgment, Defendants contend that they need to conduct discovery, but in doing so they have not identified any specific facts they seek to discover that exist and which would create a factual dispute.  Prior to meeting with counsel for the Defendants on May 20, 2019, I sent him all of EPA's cost summaries.  Counsel for EPA provided revised cost summaries to counsel for the Defendants on December 5, 2019, and provided them with the underlying cost documentation on February 3, 2020 and on May 29, 2020.

4. The Defendants mistakenly contend that they were barred from seeking a modification of the scheduling order because the case was stayed.  That is incorrect.  Judge Kelleher's order only stayed the filing of dispositive motions without leave of Court.  See September 28, 2007, Order (Docket No. 610)  ("No Party to this action shall file any dispositive motion, including summary judgment

2

Declaration of William A. Weinischke in Opposition to Defendants' Ex Parte Application (CV 91-0589 RJK (Ex))
Exhibit B
030

1  motions, until further order of the court, which order may be requested by any party
2  by noticed motion by Judge Robert J. Kelleher."). The September 28, 2007 Order
3  did not preclude the Defendants from complying with Judge Kelleher's previous
4  scheduling orders pertaining to discovery. They elected not to do so.

5      5.  Defendants have not served any discovery requests between 2006 and
6  the requests served on May 8, 2020, a span of fourteen years. Nor did they express
7  any interest in discovery until the hearing before this Court on August 5, 2019, yet
8  they only sought discovery when the United States informed them that they would
9  be filing a Motion for Summary Judgment. This lack of discovery was
10 understandable since the United States has continued to provide the Defendants
11 with all cost documentation necessary to support the Motion for Summary
12 Judgment.

13     6.  In a Joint Submittal to the Court in 2003, under the heading
14 Determination of Outstanding Costs Not Previously Resolved," the United States
15 stated the amount of money it was owed by the Defendants, and further stated that
16 it had demanded reimbursement from the Defendants. The United States stated that
17 it would be pleased to meet with the Defendants "for the purpose of conferring and
18 negotiating a resolution of the cost claims." In the same section, the Defendants
19 represented to this Court that they "recommend that the parties be directed to meet
20 and confer and negotiate with respect to the outstanding cost claims of the United
21 States and the State to determine if stipulations can be arrived at for presentation to
22 the Court for incorporation in a further judgment."  (August 13, 2003 Joint
23 Request, Docket No. 507).

24     7.  The next month (September 2003), the parties convened at EPA's offices
25 in San Francisco to discuss the Plaintiffs' cost claims. In addition to counsel for
26 the Defendants (Cynthia Burch, then of Munger Toles Olsen), there were
27 representatives from Shell Oil Co., Chevron/Texaco, Conoco Phillips, UNOCAL,
28 and Atlantic Richfield who attended the settlement meeting. In order to

1  accommodate the Defendants, the United States brought to the meeting two cost
2  recovery specialists from EPA, along with EPA's project manager for the McColl
3  Site, to answer any questions the Defendants may have had about the costs.  Except
4  for a few documents, which the United States later provided, the Defendants
5  informed the United States that they had everything they needed.  At the close of
6  the meeting, counsel for the Defendants said they would contact the United States if
7  there were any concerns with the costs.  Defendants never contacted the United
8  States or indicated any need to take discovery or to obtain additional information.

9        8.    When the parties last met at Defendants' counsels' offices in San
10  Francisco on May 20, 2019, the United States again asked the Defendants if there
11  was documentation that they believed had not been provided related to the costs
12  incurred by the United States.  Defendants did not ask for additional cost
13  documentation but did ask for an explanation as to how EPA calculated annual
14  allocation costs.  The United States provided the Defendants with a declaration
15  explaining in detail the methodology for annual allocation.  That declaration was
16  attached to the 2006 Motion for Summary Judgment and is substantially similar to
17  the one that the United States attached to the 2020 Motion for Summary Judgment.
18  The Defendants also inquired about the accrual of interest on the costs and EPA's
19  counsel provided that information at the meeting.  Subsequently, the United States
20  furnished the Defendants with additional information pertaining to the accrual of
21  interest on the costs on May 24, 2019.  The parties held meet and confers with
22  respect to the United States' notice to Defendants of the intention to move for
23  summary judgment for recovery of costs on December 18, 2019 and again on
24  March 23, 2020.

25        9.    While the United States objected to the Defendants' May 8, 2020
26   discovery, it did in fact respond to the interrogatories and the request for
27  production of documents, explaining that the United States had already provided to
28  the Defendants all of the relevant cost documentation necessary to support the

4

Declaration of William A. Weinischke in Opposition to Defendants' Ex Parte Application (CV 91-0589 RJK (Ex))
Exhibit B
032

motion for summary judgment. The United States further noted that the Defendants already had the entire administrative records related to the McColl Site.

10.  While the Defendants say that they have been diligent in reviewing the evidence supporting the United States' Motion for Summary Judgment, what they do not acknowledge is that the July 10, 2020, Motion is almost identical to the Motion the United States filed in 2006. Of course, some additional costs have been incurred by the United States since 2006, but the most significant difference in the costs sought now is the accrual of interest. In other words, the Defendants have had the luxury of knowing the legal and factual bases of the United States' claim for over fourteen years.

11.  It should be pointed out that when this Court found the Defendants liable, the Court found that the legislative history of CERCLA indicated that Congress intended that the government should recover its response costs prior to the resolution of any counterclaims and cross-claims. The Court said that it was "of the opinion that allowing the governments to recover their response costs before resolving the Defendants' counterclaims and cross-claims will not unduly prejudice Defendants as they will be reimbursed in the future for any costs paid to the Superfund that are properly attributable to other parties." United States v. Shell Oil Company, 841 F. Supp. 962, 975 (C.D. Cal. 1993). In fact, that is precisely what has happened here. In 2018, the Defendants obtained a judgment against the United States in the Court of Claims for $99 million for costs they incurred in connection with the McColl Site, and three weeks ago Defendants were awarded another $1.6 million judgment for costs related to the McColl Site. Shell Oil Co. v. United States, No. 19-1795C, 2020 WL 36618890 at*12 (Fed. Cl. June 2020). Presumably, the Defendants will seek to recover costs they are required to pay as a result of the United States' Motion for Summary Judgment.

12.  As the Court noted, the Defendants were not unduly prejudiced since

5

Declaration of William A. Weinischke in Opposition to Defendants' Ex Parte Application (CV 91-0589 RJK (Ex))
Exhibit B
033

1  they were reimbursed, but as the Court also found the public welfare would be
2  inappropriately prejudiced by delaying replenishment of the Superfund.  <u>Id</u>. 975.
3  The public has been prejudiced by such a delay for the past fourteen years.

5  I declare under penalty of perjury that the foregoing is true and correct.
6  Date: <u>July 17, 2020</u>                                    /s/ William A. Weinischke