UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **SHELL OIL COMPANY**, *et al.*, <br><br> Defendants. | Case No.: CV 91-00589-CJC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'** ***EX PARTE*** **APPLICATION TO CONTINUE SUMMARY JUDGMENT HEARING** |

## I.   INTRODUCTION AND BACKGROUND

This 1991 case concerns "who must pay for cleaning up the McColl Superfund Site in Fullerton, California," which was contaminated with hazardous waste during World War II. *United States v. Shell Oil Co.*, 841 F. Supp. 962, 975 (C.D. Cal. 1993), *aff'd,* 281 F.3d 812 (9th Cir. 2002), *opinion withdrawn and superseded on denial of reh'g,* 294 F.3d 1045 (9th Cir. 2002). The United States and California sued the Oil Companies under the Comprehensive Environmental Response, Compensation, and Liability Act

("CERCLA"), alleging that they were responsible for the release of hazardous substances and should pay the cleanup costs. *See id.* The Oil Companies counterclaimed for breach of contract, arguing that indemnification provisions in the contracts obligated the United States to pay for the cleanup costs. *See id.* Those counterclaims were transferred to the Court of Federal Claims, and this case was stayed in 2007 pending the outcome of the counterclaim litigation. *See id.*; (Dkt. 665-2 at 2). In October 2019, after the counterclaim litigation became final, the Court lifted the stay on the United States and California's claims. *See Shell Oil Co. v. United States*, 896 F.3d 1299, 1314 (Fed. Cir. 2018), (Dkt. 669). In lifting the stay, the Court instructed that "[i]f Plaintiffs want the Court to rule on previously-filed motions, Plaintiffs shall re-file those motions and amend them to address the passage of time and potential changed facts, law, or other circumstances." (Dkt. 669 at 4.)

On July 10, 2020, the United States moved for partial summary judgment as to the amount of recoverable response costs, seeking $49,861,337.62 for costs incurred from July 1, 1990 through September 30, 2019. (Dkt. 680 at 15 n.11.) The motion reasserts requests made in a motion for summary judgment the United States filed in 2006, and also seeks additional costs incurred since the 2006 motion was filed. (Dkt. 684 [Opposition, hereinafter "Opp."] at 5–6.) Before the Court is Defendants' *ex parte* application to continue the hearing on that motion for at least 90 days to allow the parties to conduct additional limited discovery under Federal Rule of Civil Procedure 56(d), or alternatively to give them extra time to file an opposition even without discovery. (Dkt. 682 [Application, hereinafter "App"] at 1 –2.) The United States opposes, arguing that Defendants have failed to meet their burden to show that the Court should apply Rule 56(d), failed to show why the Court should modify the scheduling order, under which discovery closed on September 8, 1992, and failed to show that *ex parte* relief is warranted. (Opp. at 2–19.) For the following reasons, the application is **GRANTED IN PART AND DENIED IN PART**.

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 56(d), a district court may continue or deny without prejudice a motion for summary judgment if the party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P 56(d); *see Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The party requesting a continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). In consider whether to grant a motion under Rule 56(d), courts consider whether "the movant diligently pursued its previous discovery opportunities, and [whether] the movant can show how allowing additional discovery would have precluded summary judgment." *Qualls By & Through Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (emphases removed); *see Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion.").

Defendants fail to meet their burden under Rule 56(d). Rule 56(d) generally "applies in cases where parties argue that the motion for summary judgment is premature because more time and further discovery are necessary to effectively file an Opposition." *Vogel v. Tulaphorn Inc.*, 2013 WL 12166213, at *1 (C.D. Cal. Sept. 10, 2013). It is not a blanket authorization to reopen discovery where the discovery cutoff has passed. *Dumas v. Bangi*, 2014 WL 3844775, at *2 (E.D. Cal. Jan. 23, 2014) ("Rule 56(d) does not reopen discovery; rather it forestalls ruling on a motion for summary judgment in cases where discovery is still open and provides the prospect of defeating summary judgment."). Here, Defendants fail to show why there is good cause to reopen discovery in a case where the discovery cutoff occurred nearly two decades ago. *See Thommeny v.*

*Paramount Pictures Corp.*, 2011 WL 2899340, at *2 (C.D. Cal. July 13, 2011) ("Plaintiff has not adequately shown good cause either to postpone summary judgment, or to modify the court's scheduling order to reopen discovery past the established deadline."). Nor do Defendants present the specific facts further discovery would reveal, or explain how those specific facts would preclude summary judgment. *See Tatum*, 441 F.3d at 1100. Accordingly, Defendants' request for discovery is **DENIED**.

However, the Court notes that the United States' motion includes voluminous exhibits, charts, and declarations, and involves complex calculations regarding the nearly $50 million at issue. (*See* Dkts. 676–77 [including 57 exhibits supporting the United States' motion for summary judgment].) Accordingly, Defendants' request for additional time to respond to the motion is **GRANTED**. *See Slama v. City of Madera*, 2012 WL 1067198, at *4 (E.D. Cal. Mar. 28, 2012) (denying motion under Rule 56(d) but granting additional time to file an opposition).

## III. CONCLUSION

For the foregoing reasons, Defendants' *ex parte* application is **GRANTED IN PART AND DENIED IN PART**. Defendants' opposition to the United States' motion for summary judgment shall be filed by **August 10, 2020.** The United States' reply in support of its motion for summary judgment shall be filed by **September 7, 2020.** The hearing on this motion is **CONTINUED** to **October 5, 2020 at 1:30 p.m.**

DATED:  July 20, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE