IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA, et al.,**<br><br>                                    Plaintiffs,<br><br>          v.<br><br>**SHELL OIL COMPANY, et al.,**<br><br>                                    Defendants. | CV 91-cv-00589-CJC<br><br>**PARTIAL CONSENT DECREE BETWEEN PLAINTIFF STATE OF CALIFORNIA AND OIL COMPANY DEFENDANTS**<br><br>Date:            No Hearing Requested<br>Time:<br>Courtroom:    9B, Ronald Regan Federal Building and United States Courthouse<br><br>Judge:           The Honorable Cormac J. Carney<br>Trial Date:<br>Action Filed: |

## I.   INTRODUCTION

1. The government plaintiffs in this action, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency, and the State of California, *ex rel.*, California Department of Health Services, Hazardous Substance Account, and Hazardous Substance Cleanup Fund ("State"), filed a Complaint in this matter pursuant to Sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607 and 9613(g)(2), as amended ("CERCLA"), on February 1, 1991.

2. The Complaint seeks, among other relief, reimbursement of response costs incurred, and a declaration of liability for response costs to be incurred by the United States and State for response actions in connection with the release or threatened release of hazardous substances at the McColl Superfund Site in Fullerton, Orange County, California ("Site").

3. The release or threatened release of hazardous substances at or from the Site has caused the United States and the State to incur response costs as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

4. On September 28, 1993, this Court granted the United States' and State's Motion for Summary Judgment and thereby held Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company, and Texaco, Inc. ("Oil Company Defendants") liable under section 107(a) of CERCLA, 42 U.S.C § 9607(a). The United States Court of Appeals for the Ninth Circuit affirmed this judgment on June 28, 2002 (Docket #505).

5. On December 12, 1994, the Court entered a consent decree entitled "Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order" ("1994 Consent Decree") (Docket #270). Pursuant to the 1994 Consent Decree, the Oil Company Defendants paid $4,752,000.00 to resolve State's claim for Past State Response Costs (as defined in Section IV

2

herein) as well as $13,248,000.00 to resolve the United States' claim, as co-plaintiff, for certain past response costs incurred by the governments at the Site, which generally consisted of costs incurred by the United States and the State during the 1980s and a portion of 1990. In Section VII of the 1994 Consent Decree, the parties to the decree acknowledged that the Court's September 28, 1993, judgment and order, described above in Section I, Paragraph 4 constitutes a declaratory judgment pursuant to Section 113(g)(2) of CERCLA in favor of the United States and the State against the Oil Company Defendants for "Ongoing Response Costs," as defined in the 1994 Consent Decree. In the 1994 Consent Decree, the parties further acknowledge the rights of the United States and the State to seek to recover these Ongoing Response Costs in this case and the rights of the Oil Company Defendants to challenge such costs.

6. On September 18, 1995, this Court adjudged the United States, in its capacity as a counterclaim defendant, to be a liable party at the Site pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3) (Docket #379). On June 28, 2002, the United States Court of Appeals for the Ninth Circuit affirmed this judgment with respect to the wastes resulting from the production of benzol in *United States v. Shell Oil Company, et al.*, 294 F.3d 1045, 1059-1061 (9th Cir. 2002). Two petitions for certiorari filed by the Oil Company Defendants were denied by the Supreme Court of the United States on January 13, 2003.

7. The Oil Company Defendants and the United States subsequently stipulated that the United States was liable for a 6.25% share of costs at the McColl Site based on the United States' responsibility for benzol wastes at the Site. Joint Req. for Status Conf., at 1-2, n.1 (Aug. 13, 2003) (Docket #507). On October 29, 2003, this Court denied the request of the Oil Company Defendants to conduct further allocation proceedings regarding the non-benzol wastes at the Site and associated response costs. Mins. for Status Conf. (Oct. 27, 2003) (Docket #510). Pursuant to the stipulation between the United States and the Oil Company

Defendants as to benzol wastes, the Oil Company Defendants are responsible for 93.75% of the State's CERCLA response costs.

8. In addition to the Past Response Costs, the State incurred and paid substantial additional costs in connection with the McColl Site. These costs are the State's "Ongoing Response Costs," as defined by the 1994 Consent Decree and include all of the State's costs, including but not limited to direct and indirect costs, incurred in connection with Site that were paid after the dates set forth in the definition of "State's Past Response Costs," in Section IV of this Partial Consent Decree.

9. A subset of the State's "Ongoing Response Costs" are those costs defined in Section IV of this Partial Consent Decree as the "State's Current Response Costs." The total amount of costs claimed by the State as State's Current Response Costs is $8,855,179.36. These State-incurred costs constitute a subset of the "Ongoing Response Costs" defined in the 1994 Consent Decree and do not include any response costs incurred by the State in connection with the Site after September 30, 2019 or interest that has accrued after December 31, 2019. The State Response Costs for the Period of October 1990 through September 30, 2019 include $4,286,682.66 in response costs, including labor, indirect labor costs, contractor costs, and travel costs. Interest (as defined in Section IV herein) on these costs through December 31, 2019 amounts to $4,568,496.70.

10. The State and the Oil Company Defendants agree that pursuant to CERCLA and prior proceedings in this case, the State is entitled to recover from the Oil Company Defendants the portion of the State's Current Response Costs that constitutes the Oil Company Defendants' allocable share of such costs incurred by the State in connection with the release or threatened release of hazardous substances at the Site, and this Consent Decree resolves the Oil Company Defendants' liability for costs through the date of lodging of this Consent Decree. After conducting negotiations, the State and the Oil Company Defendants agree to

compromise and resolve the Oil Company Defendants' allocable share of liability under CERCLA for their collective share of the State's Current Response Costs incurred in relation to the Site with a settlement payment to the State in the amount of $8,100,000.00.

11.  The State and the Oil Company Defendants agree, and this Court finds by approving and entering this Partial Consent Decree, that settlement of this portion of this case between the State and the Oil Company Defendants will avoid further prolonged and complicated litigation and that this Partial Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Partial Consent Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

12.  The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. § 1331 and CERCLA section 113(b), 42 U.S.C. § 9613(b), and the Court has personal jurisdiction over the Oil Company Defendants.

13.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and CERCLA section 113(b), 42 U.S.C. § 9613(b), because the claims asserted in the Complaint and the release and/or threatened release of hazardous substances occurred in this judicial district.

14.  Oil Company Defendants waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this district in the above-captioned action. The Oil Company Defendants agree not to challenge this Court's jurisdiction to enter and enforce this Partial Consent Decree.

15.  The Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Partial Consent Decree, if necessary, and for resolving any disputes concerning the State's Ongoing Response Costs not addressed by this or the prior partial consent decrees in this matter.

### III. PARTIES BOUND

16. This Partial Consent Decree is binding on the State and the Oil Company Defendants, and upon their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the State or the Oil Company Defendants under this Partial Consent Decree. The Oil Companies Parties shall not contest the validity of this Partial Consent Decree, or any of the terms therein, in any action to enforce it.

### IV. DEFINITIONS

17. Unless otherwise expressly provided herein, terms used in this Partial Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. The terms listed below shall have the meaning and definition provided in by this paragraph:

    a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et seq.

    b. "Partial Consent Decree" shall mean this November 2021 partial consent decree.

    c. "Day" shall mean a calendar day. In computing any period of time under this Partial Consent Decree, when the last day would fall on a Saturday, Sunday, or federal or California state holiday, the period shall run until the close of business of the next working day.

    d. "DTSC" shall mean, collectively the State of California Department of Toxic Substances Control and the Toxic Substances Account, and their predecessors and successors. DTSC is a public health agency of the State of California organized and existing under and pursuant to California Health and Safety Code § 58000, et seq. Under California law, DTSC is the state agency

responsible for determining whether there has been a release and/or threatened release of hazardous substances to the environment and for determining the actions to be taken in response thereto. The Toxic Substances Control Account is an account within the State of California General Fund. Under California Health and Safety Code section 25361(a), the account shall be a party in action for recovery of response costs or expenditures incurred from the account under Chapter 6.8 of Division 20 of the California Health and Safety Code.

  e. "Effective Date" shall mean the date of entry of this Partial Consent Decree by this Court.

  f. "Interest," in accordance with 42 U.S.C. § 9607(a), shall mean the interest at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the U.S. Code, compounded annually.

  g. "Oil Company Defendants" shall mean Shell Oil Company, Union Oil Company of California, Atlantic Richfield Company, and Texaco, Inc. and each of their successors and assigns.

  h. "Paragraph" shall mean a portion of this Partial Consent Decree identified by an Arabic numeral.

  i. "Parties to this Partial Consent Decree" shall mean the State and the Oil Company Defendants.

  j. "Past State Response Costs" shall mean all costs, including but not limited to direct and indirect costs that the State has incurred in connection with the Site and paid as follows: (1) California Department of Health Services costs incurred and paid through September 30, 1990; and (2) California Department of Justice costs incurred and paid through June 30, 1991, plus accrued Interest on all costs described in this paragraph through July 31, 1993.

  k. "State's Current Response Costs" shall mean certain State costs incurred in connection with the Site not previously recovered as "Past State

Response Costs" pursuant to the 1994 Consent Decree, including but not limited to unrecovered direct and indirect costs incurred by the State in connection with the Site during the time period of October 1, 1990 through September 30, 2019, plus all interest that has accrued on such costs through December 31, 2019. In keeping with the State's reservation of its separate claims against the United States, the "Current State Response Costs" excludes any and all response costs incurred by the State in connection with the Site after September 30, 2019 and any interest that has accrued after December 31, 2019 on those cost incurred prior to September 30, 2019, however, the State acknowledges and agrees that in return for the Defendant Oil Companies' payment of the Settlement Amount set forth in paragraph 18 hereof, the scope of the State's release from liability and covenants as provided herein encompass all of the State's incurred response costs and accrued interest at or pertaining to the Site through the date of lodging of this Partial Consent Decree.

      l.    "Section" shall mean a portion of this Partial Consent Decree identified by a roman numeral.

      m.    "Site" shall mean the McColl Superfund site located in Fullerton, Orange County, California, encompassing twenty-two acres and the areal extent of contamination therefrom.

      n.    "State" shall mean the State of California, *ex. rel.*, California Department of Health Services and its successors, the California Department of Toxic Substances Control and the Office of Environmental Health Hazard Assessment, the Hazardous Substances Cleanup Fund, and its successor the Toxic Substances Control Account, and the California Department of Justice.

      o.    "United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities, which includes without limitation the U.S. Environmental Protection Agency.

      p.    "1994 Consent Decree" shall mean the "Partial Consent Decree Among Plaintiffs and Oil Company Defendants Regarding Certain Cost Claims and Order" entered in this action on December 12, 1994 (Docket #270).

## V. REIMBURSEMENT OF RESPONSE COSTS

18. Oil Company Defendants shall pay to the State $8,100,000.00, which shall constitute the compromise "Settlement Amount."

      a.    Payment shall be made within 60 days after the approval and entry of this Partial Consent Decree by the Court. Payment shall be made by wire transfer to the California Department of Justice. The wire transfer shall be made to:

    Institution: Bank of America, Concord, California
    ABA Routing Number: 026009593
    Beneficiary: California, Dept. of Justice
    Beneficiary Information: McColl IV (SD2019500473)
    Beneficiary Account Number: 01482-80005
    Swift Code: BOFAUS6S

      b.    Payment will be reimbursement for the Oil Company Defendants' allocable share of the State's Current Response Costs, as further described in Paragraph 17(k).

      c.    If the full balance of such payment is not made within 60 days after approval and entry of this Partial Consent Decree by the Court, then Interest on the unpaid balance shall accrue and be payable to the State commencing from the date this Partial Consent Decree is lodged with the Court until full payment is made to the State.

      d.    Interest shall accrue at the rate specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26 of the United States Code.

19. Application of Costs Paid to Costs Incurred: The Parties to this Partial Consent Decree acknowledge that the amounts paid under this Partial Consent Decree are less than the total amount of the State's Current Response Costs.

9

Because the State will seek to recover the remaining portion of its claim from entities other than the Oil Company Defendants, the State is applying the amounts paid under this Decree to its total claim for the State's Current Response Costs.

## VI.   FAILURE TO COMPLY WITH THE REQUIREMENTS OF THIS PARTIAL CONSENT DECREE

20.   If the State must bring an action to enforce this Partial Consent Decree and the State prevails in that action, the Oil Company Defendants shall reimburse the State for all costs of such action, including but not limited to its reasonable attorneys' fees as determined by the Court.

## VII. RELEASE, COVENANT NOT TO SUE AND RESERVATION OF RIGHTS BY THE STATE

21.   <u>Release and Covenant Not to Sue</u>: Except as expressly provided in Section 22 (Reservation of Rights) of this Partial Consent Decree, the State in consideration for the Settlement Amount payment unconditionally releases and covenants not to sue the Oil Company Defendants pursuant to CERCLA, California's Hazardous Substance Account Act, or any other statutory or common law claim, to recover the State's Response Costs for the Period of September 1990 through the date of lodging of this Partial Consent Decree. This Release and Covenant Not to Sue shall not relieve the Oil Company Defendants of any liability for any response costs incurred after the date of lodging of this Partial Consent Decree and any interest incurred on any response costs incurred after the date of lodging of this Partial Consent Decree. This Release and Covenant Not to Sue shall take effect upon receipt by the State of all payments required by Section V (Reimbursement of Response Costs). This Release and Covenant Not to Sue is conditioned upon the complete and satisfactory performance by the Oil Company Defendants of their payment obligations under this Partial Consent Decree. This Release and Covenant Not to Sue extends only to the Oil Company Defendants and does not extend to any other party to this case or to any person or entity. Nothing in

this Partial Consent Decree is intended to, or shall, affect the rights of any other agency, board, department, or other entity of the State of California other than those listed in Paragraph 17(m) of this Partial Consent Decree.

22. <u>Reservation of Rights</u>: The Release and Covenant Not to Sue set forth in Paragraph 21 does not pertain to any matters other than those expressly specified therein, and is not intended and shall not be construed to otherwise limit or restrict in any way the State from exercising its authority under any law, statute, or regulation. The State reserves, and this Partial Consent Decree is without prejudice to, all rights and claims against the Oil Company Defendants with respect to all other matters, including but not limited to:

    a. Claims based on a failure of the Oil Company Defendants to meet a requirement of this Partial Consent Decree;

    b. Liability for damages for injury to, destruction of, or loss of natural resources, as defined in CERCLA section 101(6), <u>42 U.S.C. § 9601(6)</u>, including all costs incurred by any natural resources trustees;

    c. Claims based on the alleged misrepresentation or omission of material facts by the Oil Company Defendants leading to the entry of this Consent Decree;

    d. Liability arising from past, present, or future disposal, release, and/or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site and not emanating from the Site;

    e. Criminal liability;

    f. Claims for past, present or future violations of federal or state law other than those resolved by this Partial Consent Decree; and

    g. Liability of the Oil Company Defendants for Ongoing State Response Costs incurred after lodging of this Partial Consent Decree.

23. <u>Unknown Conditions / New Information</u>: Notwithstanding any other provision in this Partial Consent Decree, the State reserves, and this Partial Consent

Decree is without prejudice to, its right to institute proceedings in this action or in a new action, and/or to issue an administrative order seeking to compel one or more of the Oil Company Defendants to perform response activities at the Site and/or pay the State for additional response costs if:

      a.    Conditions previously unknown to the State, for which the Oil Company Defendants are liable under any statute or law, are discovered at the Site after the Effective Date, and those previously unknown conditions indicate a release or threatened release of hazardous substances into the environment; or

      b.    After the lodging of this Partial Consent Decree, DTSC receives relevant new information, previously unknown to the State, that information DTSC relied on in entering into this Partial Consent Decree is false or materially inaccurate.

### VIII.  COVENANT NOT TO SUE BY THE OIL COMPANY DEFENDANTS

24.    <u>Covenant not to sue</u>: The Oil Company Defendants covenant not to sue and agree not assert any claims or causes of action against the State with respect to this Partial Consent Decree or the State's Current Response Costs, paid pursuant to Section V of this Partial Consent Decree, including, but not limited to, any claim against the State, or any agency, department, or instrumentality of the State of California pursuant to CERCLA Sections 107 and 113 related to the Past State Response Costs or the State's Current Response Costs.

25.    <u>Reservation of Rights</u>: Nothing in this Partial Consent Decree shall restrict the rights of the Oil Company Defendants to assert any defenses they may have to liability for State response costs related to the Site that were incurred by the State or any department, agency or officer of the State after this Partial Consent Decree is lodged with the Court.

## IX. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

26. Nothing in this Partial Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Partial Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Partial Consent Decree may have under applicable law. Each of the Parties to this Partial Consent Decree expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a party hereto.

27. The Parties to this Partial Consent Decree agree, and by entering this Partial Consent Decree this Court finds, that the Oil Company Defendants are entitled, as of the Effective Date of this Partial Consent Decree, to such protection from contribution actions or claims as provided by CERCLA Section 113(f), 42 U.S.C. § 9613(f)(2), for Past State Response Costs and the State's Current Response Costs. Such protection is conditioned upon the Oil Company Defendants' compliance with the requirements of this Partial Consent Decree.

28. In any subsequent administrative or judicial proceeding initiated by the State or any individual state entity plaintiff for injunctive relief, recovery of response costs, or other relief relating to the Site, the Oil Company Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon the any contention that the claims raised by the State in the subsequent proceeding were or should have been brought in the instant case, provided however, that nothing in this Paragraph affects the enforceability of the Release and Covenants by Plaintiff set forth in section VIII.

## X. RELATIONSHIP OF THIS PARTIAL CONSENT DECREE TO THE OIL COMPANY DEFENDANTS' POTENTIAL CONTRACT CLAIMS AGAINST THE UNITED STATES FOR REIMBURSEMENT OF STATE RESPONSE COSTS

29. Nothing in this Partial Consent Decree shall in any way limit or restrict the rights and obligations of the United States and the Oil Company Defendants or their successors with regards to any current or potential future claims the Oil Company Defendants have against the United States pursuant to contracts for the production of high octane aviation gasoline ("avgas") entered into between the United States and the Oil Company Defendants and their predecessors during the World War II era.

## XI. NOTICES AND SUBMISSIONS

30. Whenever, under the terms of this Partial Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors have notice of a change to the other Parties to this Partial Consent Decree in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of this Partial Consent Decree with respect to the State and the Oil Company Defendants, respectively.

   a.  As to the State:
       Grant Cope
       Deputy Director, Site Mitigation & Restoration Program
       Department of Toxic Substances
       1001 "I" Street
       Sacramento, CA 95814
       grant.cope@dtsc.ca.gov

   and

        Sparsh Khandeshi
        Deputy Attorney General
        Office of the Attorney General
        600 W. Broadway, 18th Floor
        San Diego, CA 92101
        sparsh.khandeshi@doj.ca.gov

b. As to the Oil Company Defendants
   Shell:
        Toni DeMayo
        Principle Program Manager
        Shell Oil Products US
        20945 S. Wilmington Ave.
        Carson, CA 90810
        toni.demayo@shell.com

   and: Edmond Bourke, Principal
        C2 REM
        2382 SE Bristol Street Suite B
        Newport Beach, CA 92660
        ebourke@c2rem.com

   Union Oil Company of California and Texaco Inc.:
        President
        Chevron Environmental Management and Real Estate Company
        6001 Bollinger Canyon Rd.
        San Ramon, CA  94583

   and: Zach Hughes
        Chevron Upstream Law – North America Litigation Management
        1400 Smith Street
        Houston, Texas  77002
        zach.hughes@chevron.com

   Atlantic Richfield:
        President
        Atlantic Richfield Company
        501 Westlake Park Blvd.
        Houston, Texas 77079

and: James L. Lucari
Managing Counsel – Litigation
BP America Inc.
501 Westlake Park Blvd.
Houston, Texas  77019
james.lucari@bp.com

## XII. RETENTION OF JURISDICTION

31.  This Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Partial Consent Decree.

## XIII.  LODGING OF THIS PARTIAL CONSENT DECREE

32.  This Partial Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The State reserves the right to withdraw or withhold its consent if the comments regarding this Partial Consent Decree disclose facts or considerations that indicate that this Partial Consent Decree is inappropriate, improper, or inadequate. The Oil Company Defendants consent to entry of this Partial Consent Decree without further notice.

33.  If for any reason the Court should decline to approve this Partial Consent Decree in the form presented, this Partial Consent Decree is voidable at the discretion of any of the Parties hereto, and the terms of this Partial Consent Decree may not be used as evidence in any litigation.

## XIV.  SIGNATORIES/SERVICE

34.  The undersigned representatives of the State and the Oil Company Defendants certify that they are fully authorized to enter into the terms and conditions of this Partial Consent Decree and to execute and legally bind the party they represent to this document.

35.  The Oil Company Defendants hereby agree to not oppose entry of this Partial Consent Decree by this Court or to challenge any provision of this Partial

Consent Decree, unless the State has notified the Oil Company Defendants in writing that the State no longer supports entry of this Partial Consent Decree.

36.  Each Oil Company Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Partial Consent Decree. The Oil Company Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XV.  FINAL JUDGMENT

37.  Upon entry of this Partial Consent Decree by the Court, this Partial Consent Decree shall constitute the final judgment between and among the State and the Oil Company Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

## XVI.  APPROVALS OF PARTIES

The parties consent to this Partial Consent Decree by their duly authorized representative as follows:

**FOR THE STATE OF CALIFORNIA, *EX REL*., CALIFORNIA DEPARTMENT OF HEALTH SERVICES, HAZARDOUS SUBSTANCE ACCOUNT, AND HAZARDOUS SUBSTANCE CLEANUP FUND**

Date: 11/09/2021                                          _____

Grant Cope
Deputy Director
Site Mitigation and Restoration Program
California Department of Toxic Substances Control

### FOR SHELL OIL COMPANY

Date: __09-Nov-2021_____     _____
                                    Vice President Legal Shell Oil Company

### FOR UNION OIL COMPANY OF CALIFORNIA

Date: _____     _____

### FOR TEXACO INC.

Date: _____     _____

### FOR ATLANTIC RICHFIELD COMPANY

Date: _____     _____
                                    Patricia A. Gallery
                                    President

### ORDER

SO ORDERED THIS _____ DAY OF _____, 2021

_____
CORMAC J. CARNEY
United States District Judge

18

### FOR SHELL OIL COMPANY

Date: _____  _____

### FOR UNION OIL COMPANY OF CALIFORNIA

Date: 2021-Nov-08 | 2:32 PM PST  *Harpreet K. Tiwana*

Harpreet K. Tiwana
Assistant Secretary

### FOR TEXACO INC.

Date: 2021-Nov-08 | 2:55 PM PST  *Scott M. Banks*

Scott M. Banks
Assistant Secretary

### FOR ATLANTIC RICHFIELD COMPANY

Date: _____  _____

Patricia A. Gallery
President

### ORDER

SO ORDERED THIS _____ DAY OF _____, 2021

_____
CORMAC J. CARNEY
United States District Judge

18

**FOR SHELL OIL COMPANY**

Date: _____  _____

**FOR UNION OIL COMPANY OF CALIFORNIA**

Date: _____  _____

**FOR TEXACO INC.**

Date: _____  _____

**FOR ATLANTIC RICHFIELD COMPANY**

Date: 4 Nov 2021              *Patricia Gallery*
                              Patricia A. Gallery
                              President

**ORDER**

SO ORDERED THIS ___4th___ DAY OF ___April___, 2022

_____
CORMAC J. CARNEY
United States District Judge

18